**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **RIGGS TECHNOLOGY HOLDINGS, LLC,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 4:21-cv-00378** |
| **v.** | ) | |
| | ) | |
| **BAKER COMUNICATIONS, INC.** | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Riggs Technology Holdings, LLC ("Riggs") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 7,299,067 ("the '067 patent") (referred to as the "Patent-in-Suit") by Baker Communications, Inc. ("Baker").

## I. THE PARTIES

1. Plaintiff Riggs is a New Mexico Limited Liability Company with its principal place of business located in Bernalillo County, Texas.

2. On information and belief, Baker is a corporation existing under the laws of the State of Texas, with a principal place of business located at 10333 Richmond Ave., Houston, Texas 77042. On information and belief, Baker sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial

district. Baker may be served through their registered agent Jonathan W Kaplow, 6430 Richmond Ave., Suite 120, Houston, Texas 77057.

## II. JURISDICTION AND VENUE

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271, et. seq.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

## III. INFRINGEMENT

### A. Infringement of the '067 Patent

6. On November 20, 2007, U.S. Patent No. 7,299,067 ("the '067 patent", attached as Exhibit A) entitled "Methods and Systems for Managing the Provision of Training Provided Remotely Through Electronic Data Networks to Users of Remote Electronic Devices" was duly and legally issued by the U.S. Patent and Trademark Office.  Riggs owns the '067 patent by assignment.

7. The '067 patent relates to a novel and improved methods and systems for providing and managing training remotely.

8. Baker maintains, operates, and administers online and software based training platforms, products and services that facilitate remote training that infringes one or more claims of the '067 patent, including one or more of claims 1-18, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '067 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9. Support for the allegations of infringement may be found in the following preliminary table:

| US7299067 B2 | Baker Communications |
|---|---|
| 1. A method of managing training completed remotely at a hand held device, said method comprising the step of: | bci Baker Communications Inc.<br>AWARD WINNING SERVICE<br>SellingPower Top 20 Sales Training Companies 2019<br>2019 TOP 20 COMPANY 2018 TOP 20 COMPANY 2018 TOP 20 COMPANY<br>© BAKER COMMUNICATIONS INC. HOUSTON, TEXAS. © 1996-2021.<br><https://www.bakercommunications.com/><br><br>Baker Communications has a method of managing training completed remotely at a hand held device.<br><br>The reference includes subject matter disclosed by the claims of the patent after the priority date. |

| US7299067 B2 | Baker Communications |
|---|---|
| receiving at a training server training data transmitted to the training server through a data network from a user of a hand held device, the training data representing training taken by the user at hand held device; | *Learn selling, negotiation, and customer service skills using Alexa's powerful voice platform*<br><br>Baker Communications, Inc. (BCI) just launched 6 free courses on the Amazon Alexa platform. You can click on the Amazon store links below to 'enable' them on your Alexa device(s), FireStick or smartphone:<br><https://www.bakercommunications.com/press/BCI-Announces-Free-Sales-Training-on-Amazons-Alexa-Platform.htm><br><br>The reference describes receiving at a training server training data transmitted to the training server through a data network from a user of a hand held device, the training data representing training taken by the user at hand held device, |

| US7299067 B2 | Baker Communications |
|---|---|
| receiving identifying information for the user of a hand held device concurrently with the training data file;<br><br>identifying the user of the hand held device; | **How to access**<br>**1. Download App**<br>Available through Apple App Store and Google Play. Click on the store name or search BCI Recall on your mobile device.<br>**2. Create Account**<br>Enter a valid email to create your account, no verification needed.<br>**3. Access Account**<br>For the free demo we have a variety of class content available.<br><https://www.bakercommunications.com/recall.html><br><br>The reference describes receiving identifying information for the user of a hand held device concurrently with the training data file.<br><br>The reference describes identifying the user of the hand held device. |

| US7299067 B2 | Baker Communications |
|---|---|
| authenticating the identify of the user of the hand held device by requesting authentication data from the user and comparing the authentication data with a master user identification template containing authentication data associated with the user and accessible by the training server to determine if said comparison authenticates the user's identify as an authorized trainee; | **How to access**<br>**1. Download App**<br>Available through Apple App Store and Google Play. Click on the store name or search BCI Recall on your mobile device.<br>**2. Create Account**<br>Enter a valid email to create your account, no verification needed.<br>**3. Access Account**<br>For the free demo we have a variety of class content available.<br><https://www.bakercommunications.com/recall.html><br><br>The reference describes authenticating the identify of the user of the hand held device by requesting authentication data from the user and comparing the authentication data with a master user identification template containing authentication data associated with the user and accessible by the training server to determine if said comparison authenticates the user's identify as an authorized trainee. |

| US7299067 B2 | Baker Communications |
|---|---|
| recording the training data in memory associated with the training server; | <https://www.bakercommunications.com/Delivery-Methods.html#elearning><br><br>The reference describes recording the training data in memory associated with the training server. |

| US7299067 B2 | Baker Communications |
|---|---|
| locating at least one training file contained within the training data;<br><br>determining status of the training file by comparing the training file with an associated master training template accessible from memory by the training server, the status including a determination if training represented by the training file meets a set criterion including at least one of: pending, incomplete, failed, passed; and<br><br>recording training status in memory. | CHALLENGE<br>JP Morgan Chase was the largest breach in US history (83M records). What did the criminal do with the email addresses they stole?<br>A Sent emails to build a ponzi scheme<br>B Sent emails about a Nigerian Prince scheme<br>C Sent emails about penny stocks to enable a pump and dump scheme<br>D Sent emails to begin phishing attacks<br>ANSWER<br>Content<br>Questions can be composed in a variety of different styles to help engage and train employees on a particular topic<br><br>**Gamified Training Reinforcement**<br><br>A quick, easy, and FUN way to reinforce learning<br><br>• Gamification program using "micro-engagement" - multiple, quick daily interactions<br>• Get 10+ interactions per user every week, reinforcing key training<br>• See measurable results in less than 3 minutes a day<br>• Improve performance by strengthening users' on-the-spot recall<br>• Drive retention of learning in a fun, competitive, and rewarding way<br>• Improve understanding of key concepts with prescriptive learning paths for missed answers<br><br><https://www.bakercommunications.com/recall.html><br><br>The reference describes locating at least one training file contained within the training data.<br><br>The reference describes determining status of the training file by comparing the training file with an associated master training template accessible from memory by the training server, the status including a determination if training represented by the training file meets a set criterion including at least one of: pending, incomplete, failed, passed.<br><br>The reference describes recording training status in memory. |

These allegations of infringement are preliminary and are therefore subject to change.

10. Baker has and continues to induce infringement. Baker has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., payment products and services that facilitate purchases from a vendor using a bridge computer) such as to cause infringement of one or more of claims 1–18 of the '067 patent, literally or under the doctrine of equivalents.  Moreover, Baker has known or should have known of the '067 patent and the technology underlying it from at least the date of issuance of the patent.

11. Baker has and continues to contributorily infringe. Baker has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., payment products and services that facilitate purchases from a vendor using a bridge computer) and related services such as to cause infringement of one or more of claims 1–18 of the '067 patent, literally or under the doctrine of equivalents.  Moreover, Baker has known or should have known of the '067 patent and the technology underlying it from at least the date of issuance of the patent.

12. Baker has caused and will continue to cause RIGGS damage by direct and indirect infringement of (including inducing infringement of) the claims of the '067 patent.

## IV.   JURY DEMAND

RIGGS hereby requests a trial by jury on issues so triable by right.

## V.   PRAYER FOR RELIEF

WHEREFORE, RIGGS prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '067 patent through Baker payment links;

b.     award RIGGS damages in an amount sufficient to compensate it for Defendant's infringement of the '067 patent in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.     award RIGGS an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d.     declare this case to be "exceptional" under 35 U.S.C. § 285 and award RIGGS its attorneys' fees, expenses, and costs incurred in this action;

e.     declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f.     a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g.     award RIGGS such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Ramey & Schwaller, LLP**

William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

Jeffrey E. Kubiak
Texas State Bar No. 24028470
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
jkubiak@rameyfirm.com

***Attorneys for Riggs Technology Holdings, LLC***